No. 22-10042

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

v.

CHRISTOPHER DE LEON GUERRERO,

*Defendant-Appellant*.

On Appeal from the United States District Court
for the Territory of Guam

D.C. Case No. 1:20-CR-00029-FMTG-1
Hon. Frances M. Tydingco-Gatewood

## UNITED STATES' ANSWERING BRIEF

SHAWN N. ANDERSON, United States Attorney
Districts of Guam & the Northern Mariana Islands

Benjamin K. Petersburg, Assistant United States Attorney
108 Hernan Cortez Avenue, Suite 500
Hagatna, Guam 96910
(671) 472-7332

Attorneys for Plaintiff-Appellee

## **<u>TABLE OF CONTENTS</u>**

I.    STATEMENT OF THE ISSUES ...........................................................1

II.   STATEMENT OF THE CASE ............................................................1

III.  SUMMARY OF ARGUMENT ..........................................................9

IV.  ARGUMENT ...................................................................................10

     A.   De Leon Guerrero's arguments regarding sufficiency of the evidence are foreclosed by precedent. ............................................................10

     B.   Notwithstanding De Leon Guerrero's failure to raise these issues below, the Government will not oppose a limited remand for the district court to clarify the scope of Special Conditions 2 and 4 and to bring Special Condition 14 in line with its oral pronouncement at sentencing. .............11

         1.  Standard of Review ............................................................12

         2.  Applicable Law .................................................................12

         3.  Analysis ............................................................................13

             i.   Special Condition 2: Restriction on going where children "likely to be" unless approved by probation officer. ....................................13

             ii.  Special Condition 4: No viewing or possessing sexually explicit materials. ...........................................................................14

             iii. Special Condition 14: Mandatory participation in sex- offender treatment program. ......................................................16

V.    CONCLUSION ...............................................................................18

i

<u>**TABLE OF AUTHORITIES**</u>

**Cases**

*Miller v. Gammie*, 335 F.3d 889 (9th Cir. 2003) ....................................................10

*Puckett v. United States*, 556 U.S. 129 (2009) ....................................................12

*United States v. Aguirre*, 214 F.3d 1122 (9th Cir. 2000)....................................17

*United States v. Bee*, 162 F.3d 1232 (9th Cir. 1998) ....................................... 13, 16

*United States v. Begay*, 831 Fed.Appx. 870 (9th Cir. 2020) ....................................14

*United States v. Betts*, 511 F.3d 872 (9th Cir. 2007)....................................13

*United States v. Cannel*, 517 F.3d 1172 (9th Cir. 2008) ....................................12

*United States v. Caulk*, 812 Fed.Appx. 481 (9th Cir. 2020)....................................15

*United States v. Daniels*, 541 F.3d 915 (9th Cir. 2008)................................... 13, 14

*United States v. Garcia*, 37 F.3d 1359 (9th Cir. 1994)....................................16

*United States v. Gibson*, 783 Fed.Appx. 653 (9th Cir. 2019)........................... 11, 13

*United States v. Gnirke*, 775 F.3d 1155 (9th Cir. 2015)........................... 11, 14, 16

*United States v. Gonzalez-Aguilar*, 718 F.3d 1185 (9th Cir. 2013) ........................12

*United States v. Lopez,* 4 F.4th 706 (9th Cir. 2021) ...................................... 1, 9, 10

*United States v. Napier*, 463 F.3d 1040 (9th Cir. 2006)....................................17

*United States v. Orm Hieng*, 679 F.3d 1131 (9th Cir. 2012)....................................10

*United States v. Rearden*, 349 F.3d 608 (9th Cir. 2003) ................................... 12, 14

**Statutes**

18 U.S.C. § 2 ....................................................2

18 U.S.C. § 2256 ...................................................... 1, 6, 14, 15

18 U.S.C. § 2422 ....................................................1, 10

18 U.S.C. § 3553 ....................................................8

18 U.S.C. § 3583 ................................................... 11, 12

## I. STATEMENT OF THE ISSUES

1.  Whether Defendant-Appellant Christopher De Leon Guerrero's sufficiency of the evidence argument is foreclosed by this Court's decision in *United States v. Lopez,* 4 F.4th 706 (9th Cir. 2021)?

2.  Whether the district court plainly erred when it imposed a special condition of supervised release barring De Leon Guerrero from viewing any depictions of "sexually explicit conduct" as defined by 18 U.S.C. § 2256(2), when this Court has vacated similar conditions?

3.  Whether the district court plainly erred when it imposed a special condition of supervised release barring De Leon Guerrero from going any place that children are "likely to be" unless approved by his probation officer, when this Court has vacated similar conditions?

4.  Whether the district court plainly erred when it imposed a special condition of supervised release requiring De Leon Guerrero to undergo sex-offender treatment when its oral pronouncement of sentence made sex-offender treatment contingent on the outcome of an assessment?

## II. STATEMENT OF THE CASE

On December 2, 2020, a grand jury returned an indictment against Defendant-Appellant Christopher De Leon Guerrero ("De Leon Guerrero") charging him with two counts of Attempted Enticement of a Minor in violation of 18 U.S.C. §§ 2422(b)

and 2. 3-ER-418-20. De Leon Guerrero proceeded to trial on November 4, 2021 where the Government put on evidence including the testimony of Special Agents ("SA") Jesse Bockman with the Air Force Office of Special Investigations ("AFOSI") and David Anderson with the Federal Bureau of Investigation ("FBI") and introduced numerous exhibits including screenshots of text messages, photographs of De Leon Guerrero's vehicle and its contents, and physical evidence to a include a box of condoms. 3-ER-188.

The Government's case in chief began with the testimony of SA Jesse Bockman. SA Bockman testified that he participated in a joint sting operation with the FBI involving the creation of an online undercover persona on several social media and online dating sites. 3-ER-221-22. SA Bockman, who is trained and certified to conduct online undercover operations, used Whisper, an anonymous posting and chatting application, to create a profile and a post which read, "Parents are going out for the weekend. Who is going to come get me? Don't message me if you're going to be mean and tell me I'm to young." 3-ER-222-25; 3-ER-230-34.

On November 17, 2020, around 4:00pm, a Whisper user, using the screen name "Forsei," responded to SA Bockman's post. 3-ER-223-24. SA Bockman established his undercover persona as "Emmalee" or "Em" and told "Forsei" he was a younger female. 3-ER-223; 3-ER-238. "Forsei" responded, "If you're underage it's technically illegal of me to do so. That's just legal means. Age is just

2

a number except by the law." 3-ER-237. "Forsei" also told "Em" that he was a national guardsman and that his name was Chris. 3-ER-238. "Forsei" also stated "Just trying to be careful of a lot of things, you know. Me being in the Guard, if you are underage, I will get in so much trouble." *Id.* "Em" then told "Forsei" that she was "13, but I don't really like guys my age." 3-ER-238. "Forsei" responded, "[T]hat is severely underage. I don't want you or me to get in trouble. Well, mostly, it'd be me getting in trouble if we hang out, but we can talk if you still want." *Id*.

"Forsei" and "Em" continued chatting on Whisper and the conversation shifted towards sex. *Id*. "Em" told "Forsei" that she had never done it. 3-ER-241. "Forsei" told "Em" that he had lost his virginity three years prior when he was 26 years old. *Id.*

Approximately one hour after "Forsei" initiated conversation with "Em" on Whisper, "Forsei" used WhatsApp to contact SA Bockman to continue the conversation with "Em." 3-ER-242-43. After another hour or so of conversing with "Em," "Forsei" who was later identified as De Leon Guerrero, began to talk about the potential of sex with "Em" explaining to her she should experiment as to what feels good, that sex would only hurt for a moment, describing his penis to her, saying he didn't want to hurt "Em" if they did it, and texting sexual acts he would perform on "Em." 3-ER-250-55. Later that evening "Em" and De Leon Guerrero briefly discussed meeting on Andersen Air Force Base either Friday or Saturday night. 3-

3

ER-255-56.

De Leon Guerrero continued to message with "Em" over the course of several days. On November 18, 2020, "Em" and De Leon Guerrero continued conversing over WhatsApp. During the afternoon, De Leon Guerrero described to "Em" the sexual acts he imagined performing on her, specifically mentioning performing oral sex on her as well as grabbing "Em's" breast and sucking on her nipples. 3-ER-257-58. Later that evening, De Leon Guerrero continued to send sexually explicit messages to "Em", telling her he wanted to satisfy her curiosity and wanted her to feel him. 3-ER-267-69.

Later on November 19, 2020 De Leon Guerrero texted "Em" saying that he was going to buy condoms before meeting her at her house just in case they had sex. 3-ER-275. He then asked her how many condoms he should bring, because she "might feel so good on me, I might need a few…I think you'd be so tight, I can't help it, but we shall see. I'll be gentle, I promise." *Id*. Defendant then explained to "Em" how long sex could last, and ended that part of the conversation saying, "But even if I cum, we can work on getting it up again for another round and another round. Or I can spend sometime on your body as I'm working on getting it ready again for you." 3-ER-275-76.

On November 20, 2020, SA Bockman determined De Leon Guerrero was not on active duty military orders despite having access to Andersen Air Force Base, so

SA Dave Anderson took control over "Em's" profile and continued conversing with Defendant. 3-ER-246. During conversation that day, SA Anderson and De Leon Guerrero made plans for meeting up that evening, which included what time De Leon Guerrero could come to the house. 3-ER-288-90. De Leon Guerrero waited for "Em" to tell him when her parents had left for the evening, before heading to "Em's" house. "Em" also asked De Leon Guerrero to bring food, and he agreed to bring Vons chicken. 3-ER-291-92.

De Leon Guerrero arrived at "Em's" house on Andersen Air Force Base at approximately 8:31pm. 3-ER-298. He parked his truck in the driveway of the home, and federal agents surrounded him, asked him to exit the car, and escorted him inside the home. *Id*.

SA Bockman identified De Leon Guerrero in the courtroom and identified photographs of De Leon Guerrero's vehicle parked in the driveway at the meeting location for De Leon Guerrero and "Em." 3-ER-300-01. Bockman participated in a search of the vehicle that turned up the Vons chicken "Em" had asked De Leon Guerrero to purchase on the front passenger seat and a box of condoms found in the center console. 3-ER-304.

SA Anderson testified at trial about his participation in the sting operation and his interview with De Leon Guerrero when he arrived at the location he had arranged to meet up with "Em." 3-ER-375-76. After escorting De Leon Guerrero inside the

home, federal agents advised him of his Miranda rights and he agreed to speak with the agents. 3-ER-377. De Leon Guerrero's interview was recorded and the Government played the recording for the jury at trial. 3-ER-388. During the interview, De Leon Guerrero admitted to chatting with "Em,"and that it started out as a friendship but became more sexual. 3-ER-403. He also admitted to researching the age of consent laws and determining that it would be illegal to have sex with a 13-year-old. 3-ER-404.

The jury convicted De Leon Guerrero on all charges in the indictment and De Leon Guerrero was ultimately scheduled to be sentenced on February 4, 2022. 1-ER-13. Prior to his sentencing, the U.S. Probation Office prepared a Draft Presentence Investigation Report ("Draft PSR") which included specific proposed conditions of supervised release ("Draft Conditions of Supervised Release") to be imposed following a term of imprisonment. These draft conditions included the following special conditions of supervised release at issue in this appeal:

> Special Condition 2: You must not go to, or remain at, any place where you know children under the age of 18 are likely to be, including parks, libraries, schools, playgrounds, and childcare facilities without prior approval of the probation officer.
>
> Special Condition 4: You must not view or possess any 'visual depiction' (as defined in 18 U.S.C. § 2256), including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of 'sexually explicit conduct' (as defined in 18 U.S.C. § 2256).
>
> Special Condition 14: You must participate in a sex offense-specific

treatment program and follow the rules and regulations of that program. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.). You must pay the costs of the program based on your ability to pay.

*See* Draft Conditions of Supervised Release pp. 2, 4. In response to the Draft PSR, De Leon Guerrero filed a document captioned "Defendant's Adoption of Presentence Report." *See* SER-4-5. In that document, De Leon Guerrero, through counsel, affirmed he had reviewed the Draft PSR and adopted its findings. *Id.*

At sentencing, the district court inquired with De Leon Guerrero's counsel whether he had "a full opportunity to review the defendant's file, presentence report – including the presentence report and all other filed documents." 1-ER-13. De Leon Guerrero's counsel confirmed, "We have, Your Honor." *Id.* De Leon Guerrero and his counsel then reaffirmed that he had enough time to speak with his lawyer and that they had no objections to the presentence report. *Id.*

During the sentencing hearing, the district court made multiple references to requiring De Leon Guerrero to complete a sex offender treatment program. *See, e.g.,* 1-ER-17-18 ("I'm going to sentence him today to a long-term imprisonment and he'll be put in a program to – you know, sexual treatment offender program"). At least one of these references came during a discussion with the prosecutor about the appropriate length of a term of supervised release. 1-ER-21 ("…Congress found it important enough to make it a mandatory minimum of ten years, and that he's going to then have to go to a sex abuse treatment program…"). De Leon Guerrero's counsel

also referred to treatment *after* completing a term of imprisonment. 1-ER-25 ("He's going to get out when he's 41 or 40. He'll have another five years of treatment and supervision…").

Finally, the district court ordered De Leon Guerrero to serve five (5) years of supervised release following his release from prison and imposed several conditions including Special Conditions 2 and 4. 1-ER-4; 1-ER-6. The district court paraphrased Special Condition 4 stating: "You must not view or possess any visual depiction, as defined, including any photograph, film, video, picture or computer-generated image or picture, whether made or produced or electronically, mechanically or other means produced of sexually-explicit conduct. And your probation officer can define that to you, okay." 1-ER-42. The district court seemed to read Special Conditions 13 and 14 together stating: "You must participate in a sex offense specific assessment. You must pay the cost of the assessment based on your ability to pay and follow the rules and regulations of the program and pay for that if you're assessed to have any issues. It could be that you come out of prison and they assess you they say, no, you're fine, so you may not have to do it." 1-ER-44. The district court justified its sentence stating: "I find that the sentence imposed today takes into consideration the factors set forth under 18 U.S. Code 3553(a) and achieves the general purposes of sentencing, including consideration of the advisory nonbinding sentencing guidelines." 1-ER-45.

The district court issued its written judgment on February 10, 2022. 1-ER-2-9. The written judgment included Special Conditions 2, 4, and 14 which are identical to the same special conditions included in the Draft Conditions of Supervised Release attached to the Draft PSR. 1-ER-6-7; Draft Conditions of Supervised Release pp. 3-4.

On February 16, 2022, De Leon Guerrero timely filed his Notice of Appeal. 3-ER-421.

## III.    SUMMARY OF ARGUMENT

There was sufficient evidence introduced at trial to support De Leon Guerrero's convictions. Arguments regarding the predicate offenses alleged in the indictment are foreclosed by this Court's decision in *United States v. Lopez*, 4 F.4th 706 (9th Cir. 2021).

Despite the fact that De Leon Guerrero did not object to any of his proposed conditions of supervised release below and made no attempt to modify the objectionable conditions after they were imposed, the Government concedes that a limited remand is appropriate for the district court to reconsider the scope and language of Special Conditions 2 and 4 and to bring Special Condition 14 in line with the oral pronouncement of sentence.

//

//

## IV. ARGUMENT

### A. De Leon Guerrero's arguments regarding sufficiency of the evidence are foreclosed by precedent.

De Leon Guerrero argues that there was insufficient evidence introduced at trial to support his convictions for attempted enticement of a minor in violation of 18 U.S.C. § 2422(b) because the underlying offense alleged in the indictment was not prosecutable and the Government failed to prove an essential element of the crime. Appellant Opening Brief pp. 9, 21.

In *Lopez*, however, this Court squarely addressed this very issue holding that "[s]ection 2422(b) requires proof that the defendant's persuasive communications described sexual conduct that could be charged in at least one relevant territorial jurisdiction but does not require the Government to indict a specific predicate offense or to prove a governmental entity would have had jurisdiction to prosecute the defendant for such predicate offense." *Lopez*, 4 F.4th at 720. Since the opinion in *Lopez* was issued, there have been no subsequent decisions from a higher authority calling that holding into question. Accordingly, *Lopez* is binding precedent, and De Leon Guerrero's arguments are foreclosed. *See Miller v. Gammie*, 335 F.3d 889, 899-900 (9th Cir. 2003) *(en banc)* (holding that a three-judge panel must follow a prior decision of this court unless it is "clearly irreconcilable" with the reasoning or theory of an intervening Supreme Court decision or other higher authority). *See also United States v. Orm Hieng*, 679 F.3d 1131, 1139 (9th Cir. 2012) ("As a three-judge

10

panel, we are bound by circuit precedent unless the United States Supreme Court or an en banc court of our circuit has 'undercut the theory or reasoning underlying the prior circuit precedent in such a way that the cases are clearly irreconcilable.'"). De Leon Guerrero's convictions must be affirmed.

> **B.** **Notwithstanding De Leon Guerrero's failure to raise these issues below, the Government will not oppose a limited remand for the district court to clarify the scope of Special Conditions 2 and 4 and to bring Special Condition 14 in line with its oral pronouncement at sentencing.**

De Leon Guerrero argues for the first time on appeal that the district court erred when it imposed special conditions of supervised release prohibiting him from viewing or possessing materials depicting "sexually explicit conduct" as defined by statute, barring him from locations where children "are likely to be" without the approval of his probation officer, and requiring him to undergo sex-offender treatment.

While De Leon Guerrero could have availed himself of the usual statutory mechanism for review of conditions of supervised release by the district court in the first instance, 18 U.S.C. § 3583(e), the Government nevertheless recognizes that this Court's decisions in *United States v. Gnirke*, 775 F.3d 1155 (9th Cir. 2015), and *United States v. Gibson*, 783 Fed.Appx. 653 (9th Cir. 2019), warrant a limited remand so that the district court may reconsider the scope of Special Conditions 2 and 4 and to render Special Condition 14 consistent with the district court's oral

11

pronouncement at sentencing.

### 1.    Standard of Review

Here, De Leon Guerrero forfeited his claims that the district court erred when it imposed certain conditions of supervised release by failing to object below and raising the issue for the first time on appeal. *Puckett v. United States*, 556 U.S. 129, 134 (2009). This claim is thus subject to plain error review. *United States v. Gonzalez-Aguilar*, 718 F.3d 1185, 1187 (9th Cir. 2013). "Relief for plain error is [only] available if there has been (1) error; (2) that was plain; (3) that affected substantial rights; and (4) that seriously affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Cannel*, 517 F.3d 1172, 1176 (9th Cir. 2008).

### 2.    Applicable Law

"A district court has discretion to order special conditions of supervised release pursuant to 18 U.S.C. § 3583(d) if the conditions are reasonably related to the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Rearden*, 349 F.3d 608, 618 (9th Cir. 2003)(citation omitted). Special conditions of supervised release "are permissible if they are reasonably related to the goal of deterrence, protection of the public, or rehabilitation of the offender, and involve no greater deprivation of liberty than is reasonably necessary for the purposes of supervised release." *Id*. (citation and internal quotation marks omitted). Generally, "a sentencing judge is not required 'to

articulate on the record at sentencing the reasons for imposing each condition' of supervised release, where [the Court] can determine from the record whether the [district court] abused its discretion." *United States v. Betts*, 511 F.3d 872, 876 (9th Cir. 2007). Where a condition of supervised release "implicates a significant liberty interest, the district court must support its decision on the record with evidence justifying the condition." *United States v. Daniels*, 541 F.3d 915, 924 (9th Cir. 2008)(citation omitted).

> **3.    Analysis**
>
>> **i.    Special Condition 2: Restriction on going where children "likely to be" unless approved by probation officer.**

At sentencing, the district court imposed special condition of supervised release 2 which read: "You must not go to, or remain at, any place where you know children under the age of 18 are likely to be, including parks, libraries, schools, playgrounds, and childcare facilities without prior approval of the probation officer." 1-ER-6. De Leon Guerrero argues that this condition is vague and overbroad.

While this Court has affirmed similar conditions restricting defendants from going to places "primarily used by" children, *United States v. Bee*, 162 F.3d 1232, 1235-36 (9th Cir. 1998), recent cases have looked unfavorably upon and vacated conditions similar to that imposed in this case using the broader "likely to be" language. *See, e.g. Gibson*, 783 Fed.Appx. at 655 (vacating condition forbidding the defendant from going "any place where [he] know[s] children…are likely to be");

*United States v. Begay*, 831 Fed.Appx. 870, 871-72 (9th Cir. 2020)(finding condition prohibiting defendant from "go[ing] to, or remain[ing] at, any place where [he] know[s] children under the age of 18 are likely to be, including parks, schools, playgrounds, and childcare facilities" vague and overbroad). Accordingly, the Government does not oppose a limited remand in order for the district court to reconsider the wording and scope of this special condition of supervised release.

> **ii.   Special Condition 4: No viewing or possessing sexually explicit materials.**

The district court also imposed a special condition of supervised release prohibiting De Leon Guerrero from "view[ing] or possess[ing] any 'visual depiction' (as defined in 18 U.S.C. § 2256), including any photograph, film, video, picture, or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of 'sexually explicit conduct' (as defined in 18 U.S.C. § 2256)." 1-ER-6. Similar to Special Condition 2 above, this Court has affirmed similar conditions on plain error review, *see Daniels*, 541 F.3d at 927-28 and *Rearden*, 349 F.3d at 619-20, however, subsequent decisions of this Court have provided additional guidance. In at least two cases this Court has vacated conditions substantially similar to that imposed in this case and remanded for the district court to impose a condition consistent with this Court's directives or imposed a limiting construction. *See Gnirke*,775 F.3d at 1159 (finding condition that *Gnirke* "not possess any materials such as videos, magazines, photographs, computer images or

other matter that depicts 'sexually explicit conduct' involving children and/or adults, as defined by 18 [U.S.C. §] 2256(2)" overbroad); *United States v. Caulk*, 812 Fed.Appx. 481, 482 (9th Cir. 2020)(finding condition prohibiting defendant from "viewing or possessing any visual depiction of 'sexually explicit conduct' as defined by 18 U.S.C. § 2256" overbroad, vacating and remanding).  On that basis, the Government does not oppose a limited reman" In "order for the district court to reconsider the wording and scope of this special condition of supervised release.

De Leon Guerrero further argues that the district court erred in imposing this condition because the condition as written in the judgment differed from the oral pronouncement and, alternatively, the condition as announced at the sentencing hearing improperly delegated authority to the probation officer to determine what constituted "sexually explicit conduct."

Here, there was no meaningful difference between the condition as pronounced orally and as included in the written judgment. At sentencing, the district court imposed condition 4 stating: "You must not view or possess any visual depiction, as defined, including any photograph, film, video, picture or computer-generated image or picture, whether made or produced or electronically, mechanically or other means produced of sexually-explicit conduct. And your probation officer can define that to you, okay." 1-ER-42. This was an apparent reference to the statutory definition provided at 18 U.S.C. § 2256(2) included both

in the written condition and in the Draft Conditions of Supervised Release provided to De Leon Guerrero along with the Draft PSR prior to sentencing. De Leon Guerrero expressly adopted the findings of the Draft PSR, confirmed he had reviewed the filed materials during the sentencing hearing and had no objection, and, consistent with his adoption of the Draft PSR, did not object to the condition during the sentencing hearing. To the extent that there was any difference, the district court's citation to 18 U.S.C. § 2256 simply resolved the ambiguity inherent in its statement that the probation officer could define "sexually explicit conduct" for De Leon Guerrero. *United States v. Garcia*, 37 F.3d 1359, 1368 (9th Cir. 1994) (citations omitted).

Similarly, even if the district court had delegated some authority to the probation officer to interpret the condition of supervised release, that is not erroneous. This Court has repeatedly affirmed similar conditions providing that interpretive authority to the U.S. Probation Office. *See, e.g. United States v. Ochoa*, 932 F.3d 866, 870 (9th Cir. 2019); *Gnirke*, 775 F.3d at 1166; *Bee*, 162 F.3d at 1234-35.

### iii. Special Condition 14: Mandatory participation in sex-offender treatment program.

De Leon Guerrero asserts that the district court plainly erred by imposing a condition requiring him to participate in a sex-offender treatment program because this condition was not included in the district court's oral pronouncement at sentencing. The general rule is that all aspects of a sentence must be orally

pronounced at sentencing in the presence of the defendant. *United States v. Aguirre*, 214 F.3d 1122, 1125 (9th Cir. 2000).

Here, while De Leon Guerrero was put on notice of this condition when it was included in the Draft Conditions of Supervised Release attached to the Draft PSR prior to sentencing and De Leon Guerrero, through counsel, expressly adopted the findings of the Draft PSR, the condition as orally pronounced at sentencing was materially different from the written condition included in the Draft PSR and ultimately in the written judgment. The written condition makes De Leon Guerrero's participation in a treatment program mandatory. The district court's oral pronouncement clearly makes his participation contingent on the outcome of an assessment: "You must participate in a sex offense specific assessment. You must pay the cost of the assessment based on your ability to pay and follow the rules and regulations of the program and pay for that if you're assessed to have any issues. It could be that you come out of prison and they assess you they say, no, you're fine, so you may not have to do it." 1-ER-44.

"[W]hen an oral sentence is unambiguous, it controls over a written sentence that differs from it." *United States v. Napier*, 463 F.3d 1040, 1042 (9th Cir. 2006). Here, Special Condition 14 should be vacated so that the district court can impose a condition consistent with its oral pronouncement.

//

## V.    CONCLUSION

For the reasons stated above, De Leon Guerrero's conviction should be affirmed. The Government does not oppose a limited remand for the district court to reconsider Special Conditions of supervised release 2 and 4 and to render Special Condition 14 consistent with its oral pronouncement at sentencing.

RESPECTFULLY SUBMITTED on the 17th day of May, 2023 (ChST).

SHAWN N. ANDERSON
United States Attorney
District of Guam and the NMI

By:    */s/ Benjamin K. Petersburg*
BENJAMIN K. PETERSBURG
Assistant United States Attorney

18

## CERTIFICATE OF SERVICE

I certify that on May 17, 2023 (ChST), I electronically filed this brief with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the appellate CM/ECF system. I further certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

*/s/ Benjamin K. Petersburg*
BENJAMIN K. PETERSBURG
Assistant United States Attorney

## CERTIFICATE AS TO RELATED CASES

Pursuant to Circuit Rule 28-2.6(a), I certify that, as of May 17, 2023 (ChST), I am not aware of any related cases now pending before the Ninth Circuit that may be deemed related to this one.

*/s/ Benjamin K. Petersburg*
BENJAMIN K. PETERSBURG
Assistant United States Attorney

## CERTIFICATION OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(a)(7), I certify that, as of May 17, 2023 (ChST), this brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains 4,118 words.

*/s/ Benjamin K. Petersburg*
BENJAMIN K. PETERSBURG
Assistant United States Attorney